NO. 8878.

COURT OF APPEAL

PARISH OF ORLEANS

————

MRS. FRANCIS A. HARRELL

VERSUS

PERCY S. MANN.

————

Court of Appeal
Parish of Orleans
FILED 4/30/23
P. J. Stansbury

8878

Dinkelspiel; J.

This suit is based on a lease, together with two rent notes of $75.00 each, being rent for months of January and February 1922, with a lien and privilege upon all the furniture and property contained in the leased premises; an affidavit follows the petition claiming the amount due, together with ten per cent attorney's fees, and that the petitioner fears that defendant will remove the furniture on which she has a lien and privilege, out of the premises and thereby destroy the privilege.

The answer substantially admits the lease, the rent, but claims that plaintiff had no right to insist upon the rent being paid, because in a prior suit in the Civil District Court between these same parties, which was an eviction suit, the Judge in that suit in a judgment orders that through an agreement between the parties, the judgment in that case, which is #140,489 of the docket of the Civil District Court, shall not go into effect until February 28th, 1922 and pleads that judgment in bar, because the proceedings in this case was entered a day prior to the date named by the Judge; hence was premature; and further in a reconventional demand claims the sum of $300.00 as damages, because his good name had been injured, and that he suffered great mental anguish and humiliation and that his business was interrupted and his home life disturbed and broken up.

On the trial had in this case, due proof was made of the fact that the rent of January 1922, $75.00 was past due and the rent of February would not be due according to the note in suit until the first of March. The lease amongst other things contained the provision: "That when any month's rent was due and unpaid, that the whole amount of future rents became due"; and under this provision it is evident that the January rent note having been due and unpaid, the February rent/~~was~~ became due at the time of the issuance of the writ of provisional seizure. It was fur-

272

ther shown that defendant was on the eve and had partially re-
moved his furniture from the leased premises, when seeing the
agent of the plaintiff, who was present at the time of the at-
tempted removal, the furniture was taken from the wagon back in-
to the leased premises; and there was no denial of this fact
by the defendant on the stand, and this in our opinion, togeth-
er with other parts of this record, unnecessary to be mentioned,
gave under the Codal provisions of our Statutes, the right of
maintaining the writ of provisional seizure.

The Judge of the Court a quo in rendering judgment in
this case rendered judgment for the sum of $150.00, together with
legal interest from February 28th, 1922 until paid, and ten per
cent of said principal and interest as attorney's fees, and he
further ordered that the writ of provisional seizure be dismissed,
and he further ordered that the reconventional demand also be dis-
missed at the cost of plaintiff in reconvention.

In this judgment the Court erred.

For the reasons assigned, it is ordered, adjudged and
decreed that the judgment of the Court aquo in so far as it ren-
dered a judgment in favor of plaintiff, Mrs. Francis A. Harrell,
and against Percy S. Mann, in the sum of $150.00, with legal in-
terest from February 28th, 1922, until paid, and ten per cent
of principal and interest as attorney's fees, be affirmed; and
in so far as said judgment dismissed the writ of provisional
seizure, be annulled, reversed and set aside, and that there
now be judgment in favor of plaintiff, Mrs. Francis A. Harrell,
and against the defendant, Percy S. Mann, and J. T. Prowell, Sure-
ty on the release bond in this case, for the full sum of $150.00
with legal interest thereon fxx from February 28th. 1922, and
ten per cent attorney's fees on principal and interest, and that
the writ of provisional seizure be maintained.

And it is further ordered that the xx judgment dis-
missing the reconventional demand of defendant be affirmed.

And it is further ordered that the defendant Percy A. Mann, and J. T. Prowell, surety on release bond, be condemned to pay costs of both Courts.

–Judgment affirmed in part
and reversed in part.